UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NEW YORK CIVIL LIBERTIES UNION,

        Plaintiff,

        v.                                       09 Civ. 5325 (JGK)

DEPARTMENT OF HOMELAND SECURITY,

        Defendant.
-----------------------------------------------------------x

I, Alicia M. Simmons, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

    1.    On October 5, 2007, plaintiff submitted to the United States Department of Homeland Security ("DHS" or the "Government") a FOIA request seeking documents with information concerning:

    a.    Records received by DHS from the City of New York, the New York City Police Department ("NYPD"), or any entities acting on their behalf since January 1, 2002 concerning the NYPD plan to place a system of surveillance cameras in lower Manhattan in New York City;

    b.    Records sent by DHS to the City of New York, the NYPD, or any entities acting on their behalf since January 1, 2002 concerning the NYPD plan to place a system of surveillance cameras in lower Manhattan;

    c.    Records in the possession or control of DHS that evaluate, assess, describe, authorize or otherwise discuss the NYPD plan to place a system of surveillance cameras in lower Manhattan; and

    d.    Records in the possession or control of DHS that evaluate, assess, describe, authorize or otherwise discuss surveillance camera systems proposed or employed other than in New York City.

    2.    On February 6, 2008, plaintiff submitted a further request seeking the same information (together with the October 5, 2007 request, the "FOIA request").

    3.    On June 9, 2009, plaintiff initiated the instant action by filing a complaint against

DHS. Attached as Exhibit A is a true and correct copy of the complaint filed by plaintiff on June 9, 2009.

4. After the complaint was filed, the parties engaged in discussions regarding the nature and scope of documents responsive to plaintiff's FOIA request, and DHS agreed to conduct follow-up searches.

5. On several dates between November 6, 2009, and May 13, 2010, five separate components or offices within DHS produced documents responsive to plaintiff's FOIA request, together with draft Vaughn indexes identifying documents that had been withheld from production or information that had been redacted from the documents produced.

6. The Federal Emergency Management Agency ("FEMA") produced 362 pages of documents, and draft Vaughn indices identifying withholdings from these documents as well as 204 pages of documents withheld in full.

7. The National Protection and Programs Directorate ("NPPD") produced 152 pages of documents, and draft Vaughn indices identifying withholdings from these documents as well as 127 pages of documents withheld in full.

8. The Science and Technology Directorate ("S&T"), which includes the Infrastructure and Geophysical Division ("IGD"), the Division of Innovations ("DOI"), the International Programs Cooperative Office ("ICPO"), and the Small Business Innovation Research Program ("SBIR"), produced 1,219 pages of documents and draft Vaughn indices identifying withholdings from these documents as well as 3,197 pages of documents withheld in full.

9. DHS's Office of Intelligence and Analysis ("OIA") produced 16 pages of

documents, and a draft <u>Vaughn</u> index identifying withholdings from these documents.

10. DHS's Privacy Office ("Privacy") produced 668 pages of documents, and a draft <u>Vaughn</u> index identifying withholdings from these documents.

11. In sum, in response to the FOIA request, DHS has now released 2,417 pages of documents in part or in full.

12. Between December 4, 2009, and May 18, 2010, the parties engaged in substantial consultations, both in writing and by telephone, concerning the documents produced by the various DHS components and the information withheld.

14. As a result of these consultations, plaintiff has advised DHS that it does not intend to challenge: (1) the searches conducted by the respective DHS components for documents responsive to plaintiff's FOIA requests, with one exception, (2) documents or information withheld by S&T (including its components, IGD, DOI, ICPO and SBIR), OIA or Privacy, or (3) DHS's withholding of information on privacy grounds, pursuant to FOIA Exemptions 6 or 7(C), 5 U.S.C. § 552(b)(6), (7)(C).

15. In addition, plaintiff has advised DHS that it does not intend to challenge the vast majority of withholdings from the FEMA and NPPD documents, and plaintiff has provided DHS with a list identifying the specific withholdings that plaintiff seeks to challenge before the Court.

16. Only a small number of withholdings by two DHS components, FEMA and NPPD, contained in approximately 141 pages of documents, remain in dispute. Attached as Exhibit B is a true and correct copy of the table identifying specific withholdings and pages challenged by plaintiff.

17. Attached as Exhibit C is a true and correct copy of the decision entered in <u>Matter</u>

of NYCLU, Index No. 112145/08, slip op. at 3 (N.Y. Sup. Ct. June 26, 2009).

18. Attached as Exhibit D is a true and correct copy of the <u>Vaughn</u> index addressing the FEMA withholdings challenged by plaintiff.

19. Attached as Exhibit E is a true and correct copy of the <u>Vaughn</u> index addressing the NPPD withholdings challenged by plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/26/10

ALICIA M. SIMMONS